IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GLEN GORE, et al.,                          :
                                            :        CIVIL ACTION
                Plaintiffs,                 :
                                            :        NO. 09-2987
        v.                                  :
                                            :
STRYKER CORPORATION, et al.,                :
                                            :
                Defendants.                 :

## OPINION

Slomsky, J.                                                      August 3, 2010

        Before the Court is Defendants Styrker Corporation, Stryker Instruments, and Stryker Sales

Corporation's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3) and (6), or

in the alternative, Motion to Transfer Venue to the Southern District of Indiana Pursuant to 28

U.S.C. § 1404(a) (Doc. No. 10).[1]  On February 15, 2010, Plaintiffs filed a Response in Opposition

to Defendants' Motion (Doc. No. 16).  On February 24, 2010, Defendants filed a Reply in Support

of the Motion to Dismiss (Doc. No. 17), and on May 26, 2010, the Court held a hearing on the

Motion.  For the following reasons, the Court will grant Defendants' Motion to Transfer Venue to

the Southern District of Indiana and will deny Defendants' Motion to Dismiss.

─────────────────

        [1]Also before the Court are two related cases, Nathan Geesey v. Stryker Corp., et al., Civil
Action No. 09-2988, and Timothy Lehr v. Stryker Corp., et al., Civil Action No. 09-2989,
involving similar claims.  The parties are represented by the same counsel in all three cases.  The
Court has contemporaneously issued three separate opinions covering the Motion to Dismiss
filed in each case.

        In addition, the three cases were part of an attempt to centralize numerous cases under
multidistrict litigation rules.  On May 5, 2010, the Judicial Panel on Multidistrict Litigation
denied a motion to include the three cases before this Court in centralized litigation.  (Doc. No.
18.)

## I.      BACKGROUND

Plaintiff Glen Gore is a resident of Evansville, Indiana.  (Compl. ¶ 1.)  In his Complaint, Plaintiff alleges that he had shoulder surgery and that after surgery a pain pump manufactured by Defendants was inserted into his shoulder joint.  A pain pump is a "medical device designed to deliver continuous doses of pain relief medication directly into the shoulder joint space via catheter." (Compl. ¶ 12.)  Plaintiff maintains that anesthetic medication released by the pain pump caused him to develop in his shoulder arthritis and/or chondroylsis, which is a complete, or nearly complete loss of all cartilage.  (Compl. ¶ 13.)  Due to the allegedly faulty device, Plaintiff has undergone additional shoulder surgery.   To obtain full relief, Plaintiff asserts that he needs a complete shoulder replacement.  (Compl. ¶ 15.)

Defendants designed, manufactured, marketed and sold the pain pump inserted into Plaintiff's shoulder.  (Compl. ¶ 5.)  Defendants are corporations organized under the laws of Michigan and have principal places of business in Michigan.  (Compl. ¶ 4.)  This case is brought in federal court under diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

Defendants move to dismiss this action on grounds of improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or in the alternative, move to transfer this action to federal court in the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a).  (Defs.' Mot. to Dismiss.)  Plaintiffs oppose the transfer, notwithstanding that the transferee forum is Plaintiffs' home forum.[2]

For the reasons set forth below, the Court will grant the Motion to Transfer and will transfer this action to the U.S. District Court for the Southern District of Indiana.

---

[2]On June 7, 2010, Plaintiffs filed an Amended Complaint (Doc. No. 24), in which Plaintiffs added facts to the fraud claim.  The amendments to the Complaint, however, do not affect the Court's determination on the transfer motion before the Court.

## II.    STANDARD OF REVIEW

### A.    Dismissal for Improper Venue

Fed. R. Civ. P. 12(b)(3) permits a party to raise the defense of improper venue in a pretrial motion.  When an action is based on diversity of citizenship jurisdiction, 28 U.S.C. § 1391(a) states the requirements for proper venue.[3]  First, venue is proper in any district where a defendant resides. § 1391(a)(1).  Second, venue is proper in any district in which the events giving rise to the claim occurred.  § 1391(a)(2).  Third, venue is proper in any district in which defendant is subject to personal jurisdiction, if there is no other jurisdiction in which the action may be brought. § 1391(a)(3).

Defendants are corporations and reside in any district where they are subject to personal jurisdiction.  See 28 U.S.C. § 1391(c).[4]  For personal jurisdiction to be proper, a defendant's contact with Pennsylvania must satisfy either specific jurisdiction or general jurisdiction.  Marten v. Goodwin, 499 F.3d 290, 296 (3d Cir. 2007).  In Pennsylvania, general personal jurisdiction over a corporation exists when a corporation is involved in "carrying on of a continuous and systematic part of its general business within this Commonwealth."  42 Pa. C.S.A. § 5301(a)(2)(iii).

---

[3]28 U.S.C. § 1391(a) provides as follows: A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

[4]28 U.S.C. § 1391(c) provides in relevant part: For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

B.    **Transfer of Venue**

A district court may transfer a case pursuant to § 1404(a) "for the convenience of parties and witnesses, in the interest of justice" to "any other district or division where it might have been brought."   28 U.S.C. § 1404(a).   In Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995), the Court of Appeals for the Third Circuit set forth additional factors a district court may consider in deciding a motion to transfer.   They are:  "private interests" including "(a) plaintiff's forum preference as manifested in the original choice, (b) the defendant's preference, (c) whether the claim arose elsewhere, (d) the relative convenience of the parties as indicated by their relative physical and financial condition, (e) the location of the witnesses, books and records (but only to the extent that the witnesses, books or records may actually be unavailable for trial in one of the fora)" and "public interests" including "(a) the enforceability of the judgment, (b) practical considerations that could make the trial easy, expeditious or inexpensive, (c) the relative administrative difficulty in the two fora resulting from court congestion, (d) the local interest in deciding local controversies at home."  Id.

The movant bears the burden of showing that venue is proper in the transferee forum, a transfer is more convenient for the parties and witnesses and transfer would be in the interest of justice.   Jumara, 55 F.3d at 879.   The movant must show that the balance of the Jumara factors weighs "strongly" in favor of transfer.  Shirley v. First Comp Ins., No. 10-0476,  2010 WL 2079752, *1 (E.D.Pa. May 19, 2010) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

III.     **DISCUSSION**

A.     <u>Venue</u>

Because Defendants' products are sold and used in the Eastern District of Pennsylvania, Defendants have continuous and systematic ties with this forum.  Consequently, the Eastern District of Pennsylvania is a proper venue for this action pursuant to 28 U.S.C. § 1391(a)(1).  However, in this case, a substantial part of the events giving rise to the claim occurred in the Southern District of Indiana.  Plaintiffs are residents of this district.  The surgery, injection of the medication into Plaintiff's shoulder via the pain pump and the resulting pain all occurred in Evansville, Indiana.  Therefore, because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Indiana, this claim also could have been brought in the transferee district.[5]  Consequently, the question before this Court is whether a transfer of venue to the Southern District of Indiana is proper.  The convenience of the parties and witnesses and the interest of justice are explored by weighing the <u>Jumara</u> factors.

B.     <u>Private Interests</u>

i.     **Plaintiff's Forum Preference**

In general, a district court should defer to a plaintiff's choice of forum.  <u>Jumara</u>, 55 F.3d at 880.  <u>See</u> <u>also</u> <u>Shutte v. Armco Steel Corp.</u>, 431 F.2d 22, 25 (3d Cir. 1970) ("It is black letter law

_____

[5]Plaintiffs concede that venue is proper in any district where defendant resides, and as corporations, Defendants reside in any district where they are subject to personal jurisdiction. (Pls.'s Brief in Opp'n to Mot. to Dismiss 2 n.2.)  Similar to Pennsylvania law, described <u>supra</u>, Indiana law provides for general personal jurisdiction over a corporate defendant who has "continuous and systematic" contacts with the forum.  <u>See</u> <u>Attaway v. Omega</u>, 903 N.E.2d 73, 76 (Ind.App. 2009).  Because Defendants' products are sold and used in Evansville, Indiana, Defendants have continuous and systematic ties with that forum.  Therefore, general personal jurisdiction exists over Defendants in the Southern District of Indiana.

that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request and that choice should not be lightly disturbed.") (internal citations omitted). However, a plaintiff's choice of forum is given less weight "where none of the operative facts of the action occur in the forum selected by the plaintiff."  Nat'l Mortg. Network, Inc. v. Home Equity Ctrs., Inc., 683 F.Supp. 116, 119 (E.D. Pa. 1988) (citing Schmidt v. Leader Dogs for the Blind, Inc., 544 F.Supp. 42, 47 (E.D. Pa. 1982) and Fitzgerald v. Cent. Gulf S. S. Corp., 292 F.Supp. 847, 849 (E.D. Pa. 1968)) (giving plaintiff's choice of forum less weight because the operative acts giving rise to the claim were committed outside plaintiff's choice of forum); see also Copley v. Wyeth, Inc., No. 09-722, 2009 WL 2160640, *2 (E.D. Pa. July 17, 2009) (citing Harris v. Nat'l R.R. Passenger Corp., 979 F.Supp. 1052, 1053 (E.D. Pa. 1997)) (giving plaintiff's choice of forum less weight because plaintiff failed to allege that any underlying conduct took place in the chosen forum).

A plaintiff's choice of forum is also given less weight where plaintiff chooses a forum that is not his home forum.  Id.  See also Hamilton v. Nochimson, No. 09-2196, 2009 WL 2195138, *3 (E.D. Pa. July 21, 2009) (finding plaintiff's choice of forum was not determinative because it was not plaintiff's home forum);  Zeevi v. Am. Home Prods. Corp., No. 99-20277, 2002 WL 92902, *1 (E.D. Pa. Jan. 24, 2002) (same).  When a plaintiff has not brought suit in his home forum he must make a "strong showing of convenience" in order for his choice to be given deference.  Shirley, 2010 WL 2079752, at *2 (quoting Windt v. Qwest Commc'ns Intern., Inc., 529 F.3d 183, 190 (3d Cir. 2008)).

In this case, Plaintiffs argue that the operative facts giving rise to the claim occurred in the Eastern District of Pennsylvania because the marketing and sale of Defendants' pain pumps and the fraud, misrepresentation and concealment of information concerning the safety of the pain pumps

occurred in this district.  (Compl. ¶ 8.)  Although Plaintiffs do not contend that the Eastern District of Pennsylvania is their home forum, they argue that the Eastern District of Pennsylvania is the more convenient forum and their choice should be given deference.

Here, the surgery, injection of medication into Plaintiff's shoulder through the pain pump and the resulting pain all occurred in Evansville, Indiana.  Consequently, the Court is persuaded that the operative facts giving rise to the claim occurred outside Plaintiffs' chosen forum.  Further, Plaintiffs reside in the Southern District of Indiana, not the Eastern District of Pennsylvania.  Finally, as discussed in more detail below, Plaintiffs have failed to make a "strong showing of convenience" in order for their choice to be given deference.  Accordingly, this factor is not entitled to significant deference.

### ii.    Defendant's Forum Preference

Defendant's forum preference can be given weight so long as it does not shift inconvenience to the other party.  Hamilton, 2009 WL 2195138, at *3.  See also Nat'l Paintball Supply, Inc. v. Cossio, 996 F.Supp. 459, 463 (E.D. Pa. 1998) ("Transfer is not warranted if the result is merely to shift the inconvenience from one party to the other.").  Defendants seek transfer to the Southern District of Indiana.  This does not inconvenience Plaintiffs because the Southern District of Indiana is Plaintiffs' home forum.  See Shirley, 2010 WL 2079752, at *3 ("We are unsure of how a transfer to a forum that is closer to Plaintiff's home would be less convenient for Plaintiff.").  The Eastern District of Pennsylvania is not significantly convenient for either party.  Plaintiffs are not residents in this forum and although Plaintiffs' counsel is located in this district, convenience of counsel can only be considered as it relates to increased cost of litigation.  See Media Group, Inc. v. Turtle Wax, Inc., No. 96-234, 1996 WL 756760, *7 (D.Del. Dec. 23, 1996) (considering the costs of retaining

local counsel as an increased cost of litigation).  Accordingly, this factor weighs in favor of transfer.

> ### iii.    Where the Claim Arose

When the vast majority of acts giving rise to plaintiff's claims take place in another forum, the balance weighs heavily in favor of transfer.  Hamilton, 2009 WL 2195138, at *3 (citing Hayes v. Transcor Am., LLC, No. 08-293, 2009 WL 1795309, *4 (E.D. Pa. June 23, 2009)).    Often in a products liability case, a plaintiff's claims arise in his home district.  Copley, 2009 WL 2160640, at *4.  See In re Consol. Parlodel Litig., 22 F.Supp.2d 320, 326 (D.N.J. 1998) (holding the operative facts in a products liability claim arose in Plaintiff's home district because it was where plaintiff used the product); Campbell v. FMC Corp., No. 91-7536, 1992 WL 176417, *2 (E.D. Pa. July 17, 1992) (same).

Here, Plaintiffs argue that the marketing and sale of Defendants' pain pumps and the fraud, misrepresentation and concealment of information concerning the safety of the pain pumps occurred nationwide, including in the Eastern District of Pennsylvania.[6]  (Transcript of Hearing, May 27, 2010 ["Tr."] at 23:16-25.)  Nevertheless, as explained above, the vast majority of acts giving rise to Plaintiffs' claim took place in the Southern District of Indiana.  As one district court explained, "when the only connection to the plaintiff's chosen venue is the sale of. . .products that are sold nationally, the center of gravity of the claim exists elsewhere."  Zenith, 2010 WL 2136569, at *4.  Further, in a products liability claim, it is appropriate to find the acts giving rise to the claim occurred in the plaintiff's home district.  See Copley, 2009 WL 2160640, at *4 ("In products liability cases, the claims typically arise in the plaintiff's home district.").  Therefore, this factor weighs in favor of

---

[6]Plaintiffs do not deny the pain pumps were designed and manufactured in Defendants' home forum of Michigan.  See Pls.' Brief in Opp'n to Mot. to Dismiss 5-6.

transfer to the Southern District of Indiana.

### iv.   Convenience of Witnesses

Party witnesses are presumed to be willing to testify in either forum despite inconvenience. Toll Bros. v. Nationwide Prop. & Cas. Ins. Co., No. 05-1191, 2005 WL 2600207, *13 (E.D. Pa. Oct. 13, 2005) (quoting Hillard v. Guidant Corp., 76 F.Supp.2d 566, 570 (M.D. Pa. 1999)). Consequently, the convenience of witnesses not a party to this case is the main focus of this factor. Toll Bros., 2005 WL 2600207, at *13.  The Third Circuit has noted that this factor should be examined "only to the extent that the witnesses may actually be unavailable for trial in one of the fora."[7] Jumara, 55 F.3d at 879.

Here, Plaintiffs allege fraud, misrepresentation and concealment about the safety of the pain pump.  Key witnesses are likely to include Plaintiff's physician(s) and/or surgeon(s) who allegedly relied on misrepresentations in prescribing and using the pain pump.  (Defs.' Mot. to Dismiss 8-9.)  These non-party witnesses are likely to be located in Indiana, where the surgery took place. Defendants submit that Evansville, Indiana is more than 600 miles away from Philadelphia, well outside the 100-mile compulsory subpoena radius.  (Defs.' Mot. to Dismiss 9.)  See Fed. R. Civ. P. 45(b)(2)(B).[8]  See also Copley, 2009 WL 2160640, at *6 (transferring to Tennessee when key witnesses were located outside a 100-mile radius of the Eastern District of Pennsylvania); Bolick

---

[7]Actual unavailability in this context means outside the subpoena power of the forum, such that testimony from the witness would be restricted to deposition or video testimony.  See Charles A. Wright, et al., Federal Practice and Procedure: Jurisdiction and Related Matters § 3851, at 420-22 (2d ed. 1986).

[8] In general, under Fed. R. Civ. P. 45(b)(2)(B), a subpoena may be served at any place outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production or inspection.

Distrib. Corp. v. Armstrong Holdings, Inc., No. 02-5135, 2003 WL 21500558, *7 (E.D. Pa. May 16, 2003) (transferring to the Northern District of Texas when nearly all of the witnesses were located within a 100-mile radius of that district, but not within a 100-mile radius of the Eastern District of Pennsylvania).

Plaintiffs argue that witnesses will be made available to give testimony via video conference; however, it is well-recognized that live testimony is preferred over video conferences. See Copley, 2009 WL 2160640, at *5 (citing In re Consol. Parlodel Litig., 22 F.Supp.2d at 324); Burnett v. Wyeth Pharm., No. 06-4923, 2008 WL 732425, *2 (D.Minn. March 17, 2008) (transfer would "ensure the live testimony of critical fact witnesses located in that forum"); Moretti v. Wyeth, No. 07-3920, 2008 WL 732497, *2 (D.Minn. March 17, 2008) (same); Ramsey v. Fox News Network, LLC, 323 F.Supp.2d 1352, 1356 (N.D. Ga. 2004) ("Given the fact that, when possible, live testimony is preferred over other means of presenting evidence, the convenience of the non-party witnesses weighs most heavily on the Court in deciding on a motion to transfer venue."). Notably, the U.S. Supreme Court admonished courts that "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." Gulf Oil, 330 U.S. at 511. Because it appears that several key witnesses in this case reside outside the 100-mile subpoena radius of the Eastern District of Pennsylvania, and because deposition or videotape testimony may not be satisfactory in this case, this factor weighs in favor of transfer.

### v.   Location of Books and Records

"The technological advances of recent years have significantly reduced the weight of [the location of books and records] in the balance of convenience analysis." Lomanno v. Black, 285

10

F.Supp.2d 637, 647 (E.D. Pa. 2003).  Defendants argue that Plaintiff's medical records and other relevant documents are located in Evansville, Indiana.  Plaintiffs concede this fact, but also argue that the electronic nature of modern discovery makes document production possible in either fora.  Therefore, this factor is neutral and the Court will not weigh this factor in deciding which forum is the appropriate one.

### C.    <u>Public Interests</u>

#### i.    **Enforceability of Judgment**

Neither party presented argument on enforceability of the judgment.  This factor will not be given any weight.

#### ii.    **Practical Considerations that Could Make the Trial Easy, Expeditious, or Inexpensive**

Defendants argue that the transferee forum is Plaintiffs' home forum, which would make the trial process easier and less expensive for the parties.  (Tr. at 10:14-18.)  However, Plaintiffs argue that transfer to the Southern District of Indiana would result in increased litigation costs due to the cost of plane travel for Plaintiffs' counsel.  (Tr. at 28:17-21.)  As noted above, convenience of counsel can only be considered as it relates to increased cost of litigation.  <u>See</u> <u>Media Group</u>, 1996 WL 756760, at *7.  The Court is persuaded that a transfer to the forum where Plaintiffs reside and where all of the substantial events giving rise to the claim occurred is the best way to make the trial easy, expeditious and inexpensive.  Therefore, this factor weighs in favor of transfer.

#### iii.    **Court Congestion**

Defendants argue that judges in the Eastern District of Pennsylvania have a significantly higher caseload than judges in the Southern District of Indiana.  However, as one district court

explained, "the Eastern District of Pennsylvania's high number of cases arises out of its large number

of multi-district litigations and does not indicate that it is significantly more congested." Hamilton,

2009 WL 2195138, at *4 n.1.  Consequently, this factor is given no weight.

### iv.    Local Interest in Deciding Local Controversies at Home

This factor covers which of the two fora has a greater interest in deciding the action. As

explained above, when the plaintiff is not a resident of his chosen forum, the court looks to "where

the majority of events took place in determining which district has a greater local interest." Hamilton,

2009 WL 2195138, at *4.  Though Plaintiffs allege that misrepresentation, fraud and concealment

occurred in Pennsylvania, it is clear that Indiana has the most significant relationship to this case.

Pennsylvania, as already noted, has very little connection to the case and jury duty will be imposed

on citizens of Pennsylvania who have little or no relation to the litigation.  See Bolick , 2003 WL

21500558, at *8 (quoting Watt v. Consol. Rail Corp., No. 97-2203, 1997 WL 288607, *2 (E.D. Pa.

May 21, 1997)) (transferring to the Northern District of Texas to avoid imposing jury duty on citizens

with no relation to the action).  The Southern District of Indiana has a greater interest in deciding this

action.  Accordingly, this factor weighs in favor of transfer.

### D.    Balancing the *Jumara* Factors

After considering the public and private interests contained in the Jumara factors and the

parties' submissions in this case, the Court finds that significant factors weigh in favor of transfer of

venue.  In sum, Plaintiffs' choice of forum is not entitled to deference in this case.  Rather,

Defendants' choice of forum, the Southern District of Indiana, which is Plaintiffs' home forum, is

afforded significant weight because inconvenience would not be shifted to Plaintiffs.  Most

importantly, nearly all of the operative facts giving rise to this action occurred in the Southern District

of Indiana.  The convenience of non-party witnesses is a strong factor in favor of transfer because several key witnesses are outside the 100-mile subpoena radius of the Eastern District of Pennsylvania and may be unavailable for live testimony at trial.  Because the majority of the events took place in the Southern District of Indiana, that forum has a greater interest in deciding the case.  Since the large majority of factors weigh in favor of transfer, the Court finds the Southern District of Indiana is more convenient than the Eastern District of Pennsylvania for trial of this case.

## IV.    CONCLUSION

For the reasons set forth above, the Court concludes that for the convenience of the parties and witnesses, and in the interest of justice, this case should be transferred to the Southern District of Indiana.  Consequently, the Court will grant the Motion to Transfer and will deny Defendants' Motion to Dismiss.  An appropriate Order follows.